## Case No. 938.

### BANK OF THE UNITED STATES v. VAN NESS et al.

[5 Cranch, C. C. 294.] [1]

Circuit Court, District of Columbia. March Term, 1837. [2]

DISTRICT OF COLUMBIA — JURISDICTION OF MARYLAND—EQUITY—DEED BY GUARDIAN AD LITEM.

1. On the 26th of October, 1801, after congress had, by the act of the 27th of February, 1801, [2 Stat. 103, c. 15,] exercised exclusive legislation over the District of Columbia, the chancellor of Maryland had jurisdiction to decree a conveyance, by an infant, of lands in that district, in pursuance of a contract made by the ancestor of the infant; the suit, for a specific performance, having been commenced before congress had exercised such exclusive legislation.

[See note at end of case.]

2. The chancellor of Maryland, on the 26th of October, 1801, decreed that the infant, Marcia Burns, should, in a certain event, by W. M. D., her guardian ad litem, convey to J. P. V., the purchaser, the property in question. Upon the happening of the event, a deed, purporting to be from the infant by her guardian, and concluding thus: "In witness whereof the said Marcia," (the infant,) "by W. M. D., her guardian in this case, hath hereunto set her hand and seal the day and year before mentioned," was signed by the said W. M. D., "guardian of the said Marcia Burns," and sealed with his seal. The commissioner who took the acknowledgment certified that the said W. M. D. acknowledged the instrument to be "his act and deed as guardian aforesaid, and thereby the act and deed of the said Marcia." *Held*, that this deed, thus signed, sealed, delivered, acknowledged, and duly recorded, was a good and sufficient execution of the decree, and a good deed to pass the title to the purchaser; and that if it be not, yet by the act of Maryland of 1785, c. 72, § 14, the decree itself stands as a conveyance.

[See note at end of case.]

At law. Ejectment [by the lessee of the Bank of the United States against John P. Van Ness and William Jones] for lots 6 and 7 in the square 226 in the city of Washington.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

2FED.CAS.—47

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 13 Pet. (38 U. S.) 17.]

Upon the trial the plaintiffs offered in evidence an exemplification of the record of the proceedings and decree of the chancellor of Maryland in a suit by Isaac Polock v. Marcia Burns, the infant heir at law of David Burns, deceased, for the specific execution of a contract entered into, in writing, in the lifetime of the said David Burns, for the sale of sundry house lots in the city of Washington to the said Isaac Polock; in which suit, which was commenced on the 17th of May, 1800, the chancellor, on the 1st of November, 1800, decreed that upon the complainant's securing to the satisfaction of the chancellor the sum of £10,471 18s. 1d., to be paid on the 17th of April, 1804, with interest annually, the defendant, by W. M. D., her guardian, should convey to the complainant, Isaac Polock, in fee, certain lots in Washington, particularly described in the decree, and including the lots now in controversy.

On the 15th of May, 1801, the complainant, Polock, filed a petition for a commission to certain persons to value certain lands, which he offered to mortgage as security for the purchase-money; which commission was issued on the 26th of May, 1801, and returned on the 21st of October, 1801. On the 26th of October, 1801, the chancellor, being satisfied of the sufficiency of the security offered, decreed, with consent of all the parties, that, upon the complainant's executing the mortgages, and paying up the interest, "the defendant, Marcia Burns, by William Mayne Duncauson, her guardian, shall execute a conveyance to the complainant, Isaac Polock, and his heirs, as directed by the decree in this cause, passed on the first day of November last." On the 12th of January, 1802, a deed was executed by the guardian, William M. Duncauson, to Polock, of the lots mentioned in the decree. It purported to be a deed from Marcia Burns, by her guardian, W. M. D., to Isaac Polock, in fee, and recited the substance of the proceedings and decree; and averred that the security had been approved, the mortgages duly executed, and the interest paid up. It concluded thus: "In witness whereof the said Marcia Burns, by William M. Duncauson, her guardian in this case, hath hereunto set her hand and seal the day and year above written." It was signed "William M. Duncauson, guardian of Marcia Burns," and was sealed.

The commissioner, Alexander White, Esq., who took the acknowledgment, certified that said William M. Duncauson, guardian of Marcia Burns, as aforesaid, acknowledged the instrument to be "his act and deed as guardian as aforesaid, and thereby the act and deed of the said Marcia." The deed was duly recorded. The plaintiffs claimed title under this deed.

The defendant's counsel, Mr. Marbury and Mr. R. S. Coxe, objected to the admission in evidence of the record of the proceedings and decree in the case of Polock v. Burns, and contended that after the 27th of February, 1801, when congress began to exercise exclusive legislation over the district, the chancellor of Maryland could not pass any decree which should affect lands in the district. That although the suit was commenced before this part of the district was completely severed from the state of Maryland, yet no decree, passed after that separation, could be executed here, except in the manner provided in the 13th section of the act of the 27th February, 1801, [2 Stat. 107,] "concerning the District of Columbia," namely, by execution issuing from this court upon an exemplification · of the record of the proceedings in the suit in the court of chancery of Maryland. That the decree could not operate here proprio vigore. The deed from Duncauson to Polock was also objected to, on the ground that the guardian's authority had ceased by the transfer of the jurisdiction from the state of Maryland to the United States; for the same reason that letters of administration taken out in Maryland before the separation, did not authorize the administrator to sue in this court after the separation. Fenwick v. Sears, 1 Cranch, [5 U. S.] 259. It was also contended, that the deed was not executed in the name of the infant, Marcia Burns, but in Duncauson's own name; he signed his own name only, and affixed his own seal only, and acknowledged it to be his own deed only,—not the deed of the infant. An attorney who executes and acknowledges a deed for his principal, must execute and acknowledge it in the name of his principal, not in his own name for his principal. Clarke v. Courtney, 5 Pet. [30 U. S.] 320.

Mr. Redin, contra, cited the Maryland act of 1773, c. 7, § 1, by which it is enacted that "persons under age," "seized of any lands," &c., "bound by an agreement to convey," "on a suit for specific performance or execution of such agreement, shall, by direction of the court of chancery," "convey and assure any such lands," &c., "in such manner as the court shall, by such order, direct, to any other person or persons; and such conveyances and assurances shall be as good in law as if such infant" "were of age." He cited also the Maryland act of October, 1778, c. 22, § 2, by which it is enacted that infants, in such cases, shall "be bound and concluded by any deed or deeds, conveyance or conveyances, assurance or assurances, made by their guardian or guardians, (to be appointed by the said court,) in pursuance of the order of the court of chancery, and such deed," &c., "so made, shall be as good and effectual in law, as if such infant or infants were, at the time of making thereof, of full age, and had executed the same."

THE COURT (nem. con.) overruled the objections, being of opinion that the court of chancery of Maryland had jurisdiction and authority to pass the decree of the 26th of October, 1801.

THE COURT, also, (CRANCH, Chief

Judge, doubting,) was of opinion, that the deed of the 12th of January, 1802, made by the guardian, was a good execution of the decree, and passed the legal title to Polock.

THE COURT was also of opinion, (nem. con.) that if that deed did not convey the legal title of the lots to Polock, the decree itself, under the Maryland act of 1785, c. 72, § 14, stands as a conveyance, and passed the title.

One of the demises laid in the declaration was by the heirs of Benjamin Stoddert, under which the plaintiff offered in evidence two deeds from Isaac Polock to Charles Lowndes; one from Charles Lowndes to Walter Smith, in trust, and one from Walter Smith to Benjamin Stoddert. To the admission of which deeds the defendant objected, on the ground that the last-mentioned deed was not made in conformity with the terms of the trust.

But THE COURT (nem. con.) overruled the objection, and the deeds were read in evidence.

The verdict was for the plaintiffs. The defendants took their bills of exception, and carried the cause to the supreme court, where the judgment was affirmed on the 22d of January, 1839.

[NOTE. This decision was affirmed by the supreme court on the grounds, with others, that it was intended, by the agreement between the state of Maryland and the United States, that pending suits as to property in that portion of the District of Columbia ceded by the state should be proceeded with until decree, and that such decrees should have the same effect as if the sovereignty had not been transferred. Furthermore, the court held that the execution and acknowledgment of the conveyance were valid; Taney, C. J., stating that, as the deed substantially conformed, in the manner of its execution, to the directions contained in the decree, it was valid and effectual to convey the property therein mentioned. Van Ness v. Bank of U. S., 13 Pet. (38 U. S.) 17.]